**KAMBERLAW, LLP**
Michael Aschenbrener (SBN 277114)
masch@kamberlaw.com
9404 Genesee Ave, Suite 340
La Jolla, CA 92037
Telephone: (303) 222-0281
Facsimile: (858) 800-4277

**WOODROW & PELUSO, LLC**
Steven L. Woodrow*
swoodrow@woodrowpeluso.com
3900 East Mexico Avenue, Suite 300
Denver, Colorado 80210
Telephone: (720) 213-0675
Facsimile: (303) 927-0809

*Pro Hac Vice* admission to be filed

Attorneys for Plaintiff M. Papadopoulos
Dental Corporation and the Class

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| | |
|---|---|
| **M. Papadopoulos Dental Corporation**, a California corporation, individual and on and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>**First Continuing Education Administration, LLC d/b/a CE Karma**, a Delaware corporation,<br><br>Defendant. | Case No.  2:19-cv-1109<br><br>**CLASS ACTION COMPLAINT**<br><br>**JURY TRIAL DEMANDED** |

1.     Plaintiff M. Papadopoulos Dental Corporation ("Papadopoulos" or "Plaintiff") brings this Class Action Complaint against First Continuing Education Administration, LLC d/b/a CE Karma ("CE Karma" or "Defendant") to stop its practice of sending unsolicited fax advertisements to consumers and to obtain redress for all persons injured by its conduct. Plaintiff, for its Class Action Complaint, alleges as follows upon personal knowledge as to itself and its own acts and

1 experiences, and, as to all other matters, upon information and belief, including an
2 investigation conducted by its attorneys.

3 ## PARTIES

4     2.    Plaintiff M. Papadopoulos Dental Corporation is a corporation
5 incorporated and existing under the laws of the State of California with its principal
6 place of business located at 1235 W. Sepulveda Blvd., Torrance, California 90502.

7     3.    Defendant First Continuing Education Administration, LLC is a limited
8 liability company organized and existing under the laws of the State of Utah with its
9 primary place of business is located at 265 E. 100 S, Suite 200, Salt Lake City, Utah
10 84111.

11 ## JURISDICTION

12     4.    This Court has subject matter jurisdiction over this action pursuant to 28
13 U.S.C. § 1331, as the action arises under the Telephone Consumer Protection Act, 47
14 U.S.C. § 227, *et seq.*, a federal statute. On information and belief, the Court also has
15 jurisdiction under the Class Action Fairness Act ("CAFA"), 28 U.S.C. § 1332,
16 because the alleged Class consists of over 100 persons, there is minimal diversity,
17 and the claims of the class members when aggregated together exceeds $5 million.
18 Further, none of the exceptions to CAFA apply.

19     5.    This Court has personal jurisdiction over CE Karma and venue is proper
20 in this District because it solicits significant business in this District, and a
21 substantial part of the acts giving rise to the claim occurred in or were directed to
22 individuals within this District.

23 ## COMMON ALLEGATIONS OF FACT

24     6.    Defendant CE Karma is a dental continuing education company
25 headquartered in Salt Lake City, Utah.

26     7.    The Telephone Consumer Protection Act of 1991, as amended by the
27 Junk Fax Prevention Act of 2005 ("JFPA" or the "Act"), 47 U.S.C. § 227, *et seq.* and
28 the regulations promulgated under the Act, prohibit a person or entity from faxing or

having an agent fax advertisements without the recipient's prior express consent, invitation, and permission. The JFPA provides a private right of action that includes statutory damages of $500 per violation and together with appropriate injunctive relief. Upon information and belief, Defendant has sent facsimile transmissions of unsolicited advertisements to Plaintiff and the Class in violation of the JFPA. (See "CE Karma Faxes," a true and correct copy of which is attached hereto as Exhibit A.)

8.     The CE Karma Faxes promote the services and goods of Defendant, namely its for-profit continuing education courses. On information and belief, Defendant has sent, and continues to send, unsolicited advertisements via facsimile transmission in violation of the JFPA to Plaintiff and numerous other consumers.

9.     Unsolicited faxes cause concrete and particularized legal harm and damages to their recipients. A junk fax recipient loses the use of its fax machine, paper, and ink toner. An unsolicited fax wastes the recipient's time that would have been spent on something else. A junk fax also invades the recipient's privacy. Unsolicited faxes prevent fax machines from receiving authorized faxes, prevent their use for authorized outgoing faxes, cause undue wear and tear on the recipients' fax machines, and require additional labor to attempt to discern the source and purpose of the unsolicited message.

10.     On behalf of itself and all others similarly situated, Plaintiff brings this case as a class action asserting claims against Defendant under the JFPA.

11.     Plaintiff is informed and believes, and upon such information and belief avers, that this action is based upon a common nucleus of operative fact because the facsimile transmissions at issue were and are being sent in the same or similar manner. This action is based on the same legal theory, namely liability under the JFPA. This action seeks relief expressly authorized by the JFPA: (i) injunctive and declaratory relief enjoining Defendant, its employees, agents, representatives, contractors, affiliates, and all persons and entities acting in concert with them, from

CLASS ACTION COMPLAINT          - 3 -

sending unsolicited advertisements in violation of the JFPA; and (ii) an award of statutory damages in the minimum amount of $500 for each violation of the JFPA, and to have such damages trebled, as provided by § 227(b)(3) of the Act.

## FACTS SPECIFIC TO PLAINTIFF

12.    On August 30, 2017, CE Karma transmitted or otherwise caused to be sent, by telephone facsimile machine or similar technology, an unsolicited fax advertisement to Plaintiff. (*See* Ex. A.)

13.    On September 21, 2017, Defendant again caused an unsolicited fax advertisement to be transmitted to Plaintiff. (*See* Ex. A.)

14.    True and accurate copies of both faxes are attached hereto as Exhibit A.

15.    CE Karma knew about, profited from, and received the benefits of marketing of its products and is a responsible party under the JFPA.

16.    Defendant created or made Exhibit A, which Defendant knew or should have known advertises Defendant's goods or products (namely, its for-profit dental continuing education courses), and Defendant intended to and did in fact distribute the faxes Plaintiff and the other members of the Class.

17.    Exhibit A is part of Defendant's work or operations to market Defendant's goods or services, which are performed by Defendant and/or on behalf of Defendant. Therefore, Exhibit A constitutes material furnished in connection with Defendant's work or operations.

18.    Plaintiff has never invited nor given permission to Defendant to send the faxes nor did Plaintiff have any prior relationship with Defendant at the time the faxes were sent or otherwise.

19.    On information and belief, Defendant faxed the same, or substantially similar, unsolicited facsimile to Plaintiff and more than 40 other recipients without first receiving the recipients' express permission or invitation.

20.    As a result of Defendant's conduct, Plaintiff suffered concrete particularized legal harm and damages. That is, Plaintiff lost the use of its fax

machine, paper, and ink toner. Further, Defendant's junk faxes invaded the Plaintiff's privacy.

21.     There is no reasonable means for Plaintiff (or any other class member) to avoid receiving unauthorized faxes. Fax machines, such as the machine utilized by Plaintiff, are left on and ready to receive the urgent communications their owners desire to receive.

## CLASS ALLEGATIONS

22.     Plaintiff brings this action pursuant to Federal Rule of Civil Procedure 23(b)(2) and Rule 23(b)(3) on behalf of itself and the Class as defined as follows:

> **No Express Permission Class:** All persons who (1) on or after four years prior to the filing of this action through the date on which notice is sent to the Class, (2) were sent, by Defendant or on Defendant's behalf, (3) a telephone facsimile message substantially similar to Exhibit A, (4) from whom Defendant claims it obtained prior express permission or invitation to send those faxes in the same manner as Defendant claims it obtained prior express consent to fax the Plaintiff.

23.     The following individuals are excluded from the Class: (1) any Judge or Magistrate presiding over this action and members of their families; (2) Defendant, Defendant's subsidiaries, parents, successors, predecessors, and any entity in which Defendant or their parents have a controlling interest and their current or former employees, officers and directors; (3) Plaintiff's attorneys; (4) persons who properly execute and file a timely request for exclusion from the Class; (5) the legal representatives, successors or assigns of any such excluded persons; and (6) persons whose claims against Defendant have been fully and finally adjudicated and/or released. Plaintiff anticipates the need to amend the class definition following appropriate discovery.

24.     **Numerosity:** The exact number of members within the Class is unknown and not available to Plaintiff at this time, but individual joinder is

1    impracticable. On information and belief, Defendant sent unsolicited fax

2    advertisements to hundreds if not thousands of persons who fall into the Class. The

3    exact number of members of the Class can be identified through Defendant's records

4    and by reference to other objective criteria.

5    　　　　25.    **Commonality:** Common questions of law and fact apply to the claims

6    of all class members. Common material questions of fact and law include, but are

7    not limited to, the following:

8    　　　　　　　　a.    Whether the Defendant sent unsolicited fax advertisements or

9    caused such fax advertisements to be sent to the Plaintiff and the other class

10   members;

11   　　　　　　　　b.    Whether the Defendant's faxes advertised the commercial

12   availability of Defendant's good and/or services;

13   　　　　　　　　c.    Whether Defendant obtained prior express invitation or

14   permission from the recipients to send the faxes; and

15   　　　　　　　　d.    Whether the Defendant sent the faxed advertisements knowingly

16   or willfully such that treble damages are warranted.

17   　　　　26.    **Typicality:** The Plaintiff's claims are typical of the claims of all class

18   members. The Plaintiff received the CE Karma Faxes sent by or on behalf of the

19   Defendant advertising Defendant's goods, equipment, and/or services during the

20   relevant time period. The Plaintiff is making the same claims and seeking the same

21   relief for itself and all class members based upon the same federal statute. The

22   Defendant has acted the same or in a similar manner with respect to the Plaintiff and

23   all the class members.

24   　　　　27.    **Adequate Representation:** The Plaintiff and its counsel will fairly and

25   adequately represent and protect the interests of the Class. It is interested in this

26   matter, has no actual conflicts with any of the other class members, and has retained

27   experienced class counsel, who are similarly without conflicts, to represent the

28   Class.

28.     **Conduct Similar Towards All Class Members:** Class certification is appropriate because the Defendant has acted and refused to act in the same or similar manner with respect to all class members thereby making injunctive and corresponding declaratory relief appropriate. The Plaintiff requests such relief as authorized and appropriate by 47 U.S.C. § 227, *et seq.*

29.     **Predominance, Superiority, and Manageability:** Common questions of law and fact predominate over any questions affecting only individual members, and a class action is superior to other methods for the fair and efficient adjudication of the controversy because:

a.     Proof of the claims of the Plaintiff will also prove the claims of the Class without the need for separate or individualized proceedings;

b.     Evidence regarding defenses or any exceptions to liability that the Defendant may assert and prove will come from the Defendant's records and will not require individualized or separate inquiries or proceedings;

c.     The Defendant has acted and continues to act pursuant to common policies or practices in the same or similar manner with respect to all class members;

d.     The amount likely to be recovered by individual class members does not support individual litigation. A class action will permit a large number of relatively small claims involving virtually identical facts and legal issues to be resolved efficiently in one proceeding based upon common proofs; and

e.     This case is manageable as a class action in that:

i.     The Defendant identified persons or entities to receive the fax transmission and it is believed that the Defendant's telephone, computer, and business records will enable the Plaintiff to identify class members and establish liability and damages;

1       ii.     Liability and damages can be established for the Plaintiff

2   and the Class with the same common proofs;

3       iii.     Statutory damages are provided for in the statute and are

4   the same for all class members and can be calculated in the same or a

5   similar manner;

6       iv.     A class action will result in an orderly and expeditious

7   administration of claims and it will foster economics of time, effort and

8   expense;

9       v.     A class action will contribute to uniformity of decisions

10  concerning the Defendant's practices; and

11      **vi.**     As a practical matter, the claims of the Class are likely to

12  go unaddressed absent class certification.

13  **FIRST CAUSE OF ACTION**

14  **Violation of 47 U.S.C. § 227, *et seq.***

15  **(On Behalf of Plaintiff and the No Consent Class)**

16      30.    Plaintiff incorporates by reference the foregoing allegations as if fully

17  set forth herein.

18      31.    The JFPA makes unlawful for any person to "use any telephone

19  facsimile machine, computer or other device to send, to a telephone facsimile

20  machine, an unsolicited advertisement . . ." 47 U.S.C. § 227(b)(1)(C).

21      32.    The JFPA defines "unsolicited advertisement" as "any material

22  advertising the commercial availability or quality of any property, goods, or services

23  which is transmitted to any person without that person's prior express invitation or

24  permission, in writing or otherwise." 47 U.S.C. § 227(a)(5).

25      33.    The faxes sent by Defendant advertised its continuing legal education

26  courses that Defendant charges individuals to register for and attend. The faxes were

27  commercial in nature, and constitute advertisements under the JFPA.

28

34.     Plaintiff and the other class members never gave prior express consent, invitation, or permission to receive the faxes.

35.     **The Faxes.** Defendant sent the CE Karma Faxes via facsimile transmission from telephone facsimile machines, computers, or other devices to the telephone facsimile machines of Plaintiff and members of the No Consent Class. The faxes constituted an advertisement under the Act. The faxes were transmitted to persons or entities without their prior express permission or invitation. Defendant violated the JFPA and the regulations promulgated thereunder by sending the faxes via facsimile transmission to Plaintiff and members of the No Consent Class.

36.     **Defendant's Other Violations of the Act.** Plaintiff is informed and believes, and upon such information and belief avers, that during the period preceding four years of the filing of this Complaint and repeatedly thereafter, Defendant has sent via facsimile transmission from telephone facsimile machines, computers, or other devices to telephone facsimile machines of members of the No Consent Class faxes that constitute advertisements under the JFPA that were transmitted to persons or entities without their prior express permission or invitation. Defendant violated the JFPA and the regulations promulgated thereunder. Plaintiff is informed and believes, and upon such information and belief avers, that Defendant continues to send unsolicited advertisements via facsimile transmission in violation of the JFPA and the regulations promulgated thereunder, and absent intervention by this Court, will do so in the future.

37.     The TCPA/JFPA provides a private right of action to bring this action on behalf of Plaintiff and the No Consent Class to redress Defendant's violations of the Act and provides for statutory damages. 47 U.S.C. § 227(b)(3), *et seq.* The Act also provides that injunctive relief is appropriate. *Id.*

38.     Defendant is liable to the Plaintiff and the other members of the No Consent Class even if it did not intend to send the faxes or to send them without first obtaining prior express invitation or permission.

39.     Defendant knew or should have known that: (1) the Plaintiff and the other members of the No Consent Class had not given express invitation or permission for the Defendant or anybody else to fax advertisements about the Defendant's goods or services; and (2) the faxes constituted an advertisement. Defendant acted in conscious disregard of such facts.

40.     The Defendant's actions caused damage to the Plaintiff and the other class members. Receiving the Defendant's junk faxes caused the recipients to lose paper and toner consumed in the printing of the Defendant's faxes. Moreover, the Defendant's faxes used the Plaintiff's fax machine. The Defendant's faxes cost the Plaintiff time, as the Plaintiff and its employees wasted their time receiving, reviewing, and routing the Defendant's unauthorized faxes. That time otherwise would have been spent on the Plaintiff's business activities. The Defendant's faxes unlawfully invaded the Plaintiff's and other No Consent Class Members' privacy interests in being left alone. Finally, the injury and property damage sustained by Plaintiff and the other members of the No Consent Class from the sending of Defendant's advertisements occurred outside of Defendant's premises.

41.     As a result of Defendant's conduct, Plaintiff and the other members of the No Consent Class are each entitled to, pursuant to § 227(b)(3)(B) of the Act, a minimum of $500.00 in damages for each violation of such Act.

42.     Furthermore, in the event the Court finds that Defendant's conduct was willful and knowing, the Court should, pursuant to § 227(b)(3)(C) of the Act, treble the amount of statutory damages recoverable by Plaintiff and the other members of the No Consent Class.

## **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff, on behalf of itself and the Class, prays for the following relief:

1        A.    An order certifying this case as a class action on behalf of the
2  Class as defined above, appointing Plaintiff as the representative of the Class,
3  and appointing its attorneys as Class Counsel;

4        B.    An award of actual monetary loss from such violations or the sum
5  of five hundred dollars ($500.00) for each violation, whichever is greater all to
6  be paid into a common fund for the benefit of the Plaintiff and the class
7  members;

8        C.    An order declaring that Defendant's conduct was willful and
9  knowing, and thus an award of actual monetary loss from Defendant's
10  violations or the sum of one thousand five hundred dollars ($1,500.00) for
11  each violation, whichever is greater all to be paid into a common fund for the
12  benefit of Plaintiff and the class members;

13        D.    An order declaring that Defendant's faxes constitute unsolicited
14  advertisements, that Defendant sent the faxes without first obtaining prior
15  express invitation, permission, or consent of the recipients, and enjoining
16  Defendant from further violations, and otherwise protecting the interests of the
17  Class;

18        E.    An award of pre-judgment interest;

19        F.    An award of reasonable attorneys' fees and costs to be paid out of
20  the common fund prayed for above; and

21        G.    Such further and other relief the Court deems reasonable and just.

22
23
24
25
26
27
28

**CLASS ACTION COMPLAINT**      - 11 -

1

## JURY DEMAND

2      Plaintiff requests a trial by jury of all claims that can be so tried.

3

4                                            Respectfully submitted,

5

6   Dated: February 13, 2019         **M. Papadopoulos Dental Corporation**,
                                       individually and on behalf of all others
7                                      similarly situated,

8

9
                              By:      s/ Michael Aschenbrener
10                                     One of Plaintiff's Attorneys

11
                                       Michael Aschenbrener (SBN 277114)
12                                     masch@kamberlaw.com
                                       KamberLaw LLP
13                                     9404 Genesee Ave, Suite 340
                                       La Jolla, CA 92037
14                                     Telephone: (303) 222-0281

15                                     Steven L. Woodrow*
                                       swoodrow@woodrowpeluso.com
16                                     Woodrow & Peluso, LLC
                                       3900 East Mexico Avenue, Suite 300
17                                     Denver, Colorado 80210
                                       Telephone: (720) 213-0675
18                                     Facsimile: (303) 927-0809

19                                     *Pro Hac Vice admission to be sought

20                                     Counsel for Plaintiff and the Putative Class

21

22

23

24

25

26

27

28

**CLASS ACTION COMPLAINT**          - 12 -